```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
TAILORED LIGHTING, INC.,

                        Plaintiff,              04-CV-6435
            v.
                                               **DECISION**
                                               **and ORDER**
OSRAM SYLVANIA PRODUCTS, INC.,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff, Tailored Lighting, Inc., ("plaintiff" or "TLI") brings this action pursuant to federal patent law, (codified at 35 U.S.C. § 100 et. seq.) claiming that 31 of defendants' products infringe upon TLI's United States Patent No. 5,666,017 ("the 017 patent"). Defendant Osram Sylvania Products, Inc. ("Sylvania" or "defendant") moves for partial summary judgment arguing that 27 of the 31 products identified in the complaint do not infringe upon the patent as a matter of law. Plaintiff cross moves to withdraw one claim related to accused product 1156ST.

For the reasons set forth below, defendant's motion for partial summary judgment is denied without prejudice. Plaintiff's motion to withdraw a claim is granted.

## BACKGROUND

Tailored Lighting, Inc., is a Rochester, New York based corporation that creates lighting products which replicate the characteristics of daylight using artificial sources. It is the owner of the '017 patent entitled "Daylight Lamp" which

was issued on September 9, 1997. The invention described in the patent is a lamp that distributes a spectral light which is substantially identical to daylight. Defendant, Sylvania manufactures and sells, among other things, automobile headlamps under its SilverStar and Cool Blue trademarks.

Plaintiff commenced this action on September 8, 2004, claiming that the defendant willfully infringed and is infringing upon the '017 patent by practicing the claims of that patent in 31 of its products. The accused products are SilverStar models: H1ST, H3ST, H4ST, H7ST, 880ST, 893ST, 9004ST, 1156ST, 9003ST, H4651ST, H4656ST, H4666ST, H6024ST, H6054ST, 9005ST, 9006ST, 9006XSST, and 9007ST and Cool Blue Models: H7CB, 9003CB, H4651CB, H4656CB, H4666CB, H6024CB, H6054CB, 9004CB, 9005CB, 9005XSCB, 9006CB, 9006XSCB, and 9007CB. Defendant counterclaims seeking a declaratory judgment that the '017 patent is invalid, or in the alternative, that its products do not infringe the '017 patent.

Defendant moves for partial summary judgment with respect to 27 of the 31 products identified in the complaint on grounds that the filaments contained in the lamps are not "substantially centrally disposed" as required by the language of the '017 patent[1].

---

[1] Defendant actually filed <u>three</u> separate motions along with <u>three</u> separate memoranda of law in support for its request for relief – which were essentially the same in all three instances. This practice clearly violates Rule 7.1 of the Local Rules of Civil Procedure of the Western District of New York.

In support of this argument, defendant maintains that the term "substantially centrally disposed" set forth in the patent claims refers to a filament that is centrally disposed *along* the main axis of the lamp envelope as opposed to being centrally disposed *across* the main axis. Defendant contends that because 15 of the accused lamps incorporate filaments that are oriented *across* the main axis, those products cannot, as a matter of law, infringe upon the '017 patent. Similarly, defendant asserts that 12 of the accused lamps utilize filaments that are either *axially*, or *vertically offset* from the main axis, and therefore do not infringe upon the claims of the '017 patent. Defendant concludes that based on the obvious structural differences between its products and the invention disclosed in the '017 patent, 27 of its products do not infringe upon the '017 patent as a matter of law.

Plaintiff disputes defendant's interpretation of the term "substantially centrally disposed," and argues that the term merely requires that the filament be located *at or near* the center of the lamp envelope, without regard to a specific vertical or horizontal axis. Plaintiff argues that because the claim language in dispute has not been interpreted by the court, summary judgment at this stage is premature.

## **DISCUSSION**

I. <u>Summary Judgment Standard</u>

"Summary judgment is as appropriate in a patent case as it is in any other case." <u>Desper Products, Inc. v. Q Sound</u>

Labs, Inc., 157 F.3d 1325, 1332 (Fed. Cir. 1998). Summary judgment is proper when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). To this end, courts must draw all reasonable inferences in favor of the non-movant. See, generally, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the Second Circuit has held that "summary judgment should rarely be granted... when the plaintiff has not had an opportunity to resort to discovery procedures." Deleu v. Scaife, 775 F.Supp. 712, 716 (S.D.N.Y. 1991) (quoting Schlesinger Inv. Partnership v. Fluor Corp., 671 F.2d 739, 743 (2d Cir. 1982). Furthermore, especially in patent cases which are typically fact intensive, great caution should be used when considering summary judgment motions. Acrison, Inc., v. Schenck Corp., 973 F.Supp. 124, 126 (E.D.N.Y. 1997).

In this case, it is clear that there is substantial disagreement over the meaning of the term "substantially centrally disposed" as used in the claims of the '017 patent. The court cannot determine whether or not the accused products read on the claims is properly construed because the disputed language is yet to be construed. See Interactive Gift Express, Inc., v. Compuserve Inc., 256 F.3d 1323, 1330 (Fed. Cir. 2001). (first step in infringement analysis is for court to properly construe disputed claims to determine meaning and

scope of those claims). Accordingly, defendant's motion for partial summary judgment is denied without prejudice.

## II. Motion to Withdraw Claim

Plaintiff moves to withdraw its claim that the lamp identified in the complaint as product number 1156ST infringes on the '017 patent. Plaintiff acknowledges that no such product exists, and that the product was erroneously identified in the complaint. Defendant does not oppose plaintiff's motion, but does request attorney costs and fees associated with defending against this claim, or in the alternative, asks that TLI provide pre-investigation information (which would require plaintiff to forego any applicable privilege and work product protections) concerning the 1156ST lamp so that Sylvania may consider the appropriateness of bringing a motion for costs.

Plaintiff's motion to withdraw its claim regarding product number 1156ST is granted, and defendant's request for costs and discovery is denied. Upon plaintiff's discovery of the erroneous claim, it immediately sought to withdraw the claim to avoid any cost or delay associated with defending the claim. Defendant's request for monetary compensation to have a claim against it withdrawn, particularly at this initial stage of the litigation, is not only unwarranted but borders on obstructionist conduct. Experienced patent counsel plainly should know better. Accordingly, I grant plaintiff's motion

to withdraw its claim, and deny defendant's request for costs or discovery on the matter.

## **CONCLUSION**

For the reasons set forth above, I deny defendant's motion for partial summary judgment without prejudice. Plaintiff's motion to withdraw the claim related to product number 1156ST is granted.

ALL OF THE ABOVE IS SO ORDERED.

                                        S/ Michael A. Telesca
                                        MICHAEL A. TELESCA
                                    United States District Judge

Dated:   Rochester, New York
         October 6, 2005