UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAILORED LIGHTING, INC.,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br><br>OSRAM SYLVANIA PRODUCTS, INC.,<br><br>　　　　　　　　Defendant. | DECLARATION<br><br>Civil Action No. 04-CV-6435 MAT |

Donald R. Banowit, Esq., declares and states as follows:

1.　　I am an attorney and director of the firm of Sterne, Kessler, Goldstein & Fox, PLLC, counsel for the defendant, Osram Sylvania Products, Inc. ("Sylvania"), and, as such, I am fully familiar with the facts and circumstances of this matter.

2.　　I make this declaration in support of Sylvania's Opposition to TLI's Motion to Compel Sylvania to Produce Proper 30(b)(6) Witnesses.

3.　　Discovery in the present action began over 2 ½ years ago. The parties exchanged Rule 26(a)(1) initial disclosures on November 21, 2005.

4.　　On November 15, 2007, the Court set the present discovery schedule, setting the close of discovery for March 31, 2008. In addition, the Court's Order set a deadline of at least 30 days prior to the factual discovery cutoff for all motions to compel discovery.

5. On January 8, 2008, TLI served on Sylvania a number of deposition notices, including its notice for the 30(b)(6) deposition of Sylvania. A true and accurate copy of TLI's 30(b)(6) Notice is attached hereto as **Exhibit A**. TLI's 30(b)(6) Notice proposed a deposition date of February 7, 2008 (less than two months before the close of discovery).

6. TLI's 30(b)(6) Notice set forth the following topics for examination:

   1. Design of the accused products.
   2. Technical specifications of accused products.
   3. Marketing of the accused products,
   4. Sales of the accused products.
   5. Financial reporting concerning the accused products.
   6. Sales of uncoated automotive lighting products of the same configuration as the accused products.
   7. Financial reporting concerning uncoated automotive lighting products of the same configuration as the accused products.

See **Exhibit A**, attached hereto.

7. Sylvania objected to TLI's 30(b)(6) Notice on the grounds that such topics were overbroad and vague. Notwithstanding its objections, Sylvania agreed to testify generally on each topic specified in TLI's 30(b)(6) Notice. A true and accurate copy of Sylvania's Responses and Objections to TLI's 30(b)(6) Notice is attached hereto as **Exhibit B**.

8. In response to Sylvania's objections, TLI did not provide further detail concerning the topics on which it intended to depose Sylvania.

9. The parties met and conferred regarding the scheduling of these depositions on January 25, 2008.

10. Sylvania sent TLI a letter on January 30, 2008, outlining a schedule to begin the depositions on February 7, 2008 (as requested in TLI's 30(b)(6) notice), and to complete all noticed depositions by the end of February 2008. A true and accurate copy of Sylvania's January 30, 2008 letter is attached hereto as **Exhibit C**.

11. On January 31, 2008, TLI's counsel indicated by letter that it was not available to begin the depositions on February 7, 2008. A true and accurate copy of TLI's January 31, 2008 letter is attached hereto as **Exhibit D**. In particular, TLI's counsel indicated that "we have until the end of March to complete discovery in this matter, and have other matters scheduled next week."

12. Sylvania immediately telephoned TLI's counsel and the parties agreed to reschedule the depositions for later in the month. A true and accurate copy of Sylvania's January 31, 2008 letter regarding these discussions is attached hereto as **Exhibit E**.

13. Sylvania produced six knowledgeable witnesses whose testimony, collectively, was responsive to all seven noticed topics. Each 30(b)(6) witness was designated to testify in connection with one or two noticed topics. As outlined in Sylvania's January 30, 2008 letter to TLI:

- Susan Callahan was presented on Topic 1 (she was also presented at the same time in response to TLI's notice of personal deposition),

- Mike Tucker and Craig Landcastle were presented on Topic 2,

- Laura Peach was presented on Topic 3 (she was also presented at the same time in response to TLI's notice of personal deposition),

- Alan Barlow was presented on Topics 4 and 6, and

- Bill Ennis was presented on Topics 5 and 7.

Given the breadth Topic 2 ("Technical specifications of accused products"), Mr. Landcastle was selected to testify on manufacturing technical specifications and Mr. Tucker was selected to testify on regulatory/performance aspects of technical specifications.

14. The designated Sylvania witnesses were personally knowledgeable about the broad topics on which they were designated and were prepared, through discussions with counsel prior to each deposition, to give complete and binding answers on behalf of Sylvania, to the extent Sylvania understood the scope of TLI's over broad and vague topics.

15. The depositions of Sylvania personnel began on February 12, 2008, with the deposition of Laura Peach, both personally and pursuant to TLI's 30(b)(6) Notice. The depositions of Messrs. Tucker and Landcastle were completed on February 13, 2008. The rescheduled deposition of Ms. Callahan was completed on March 5, 2008.

16. Beginning with its letter of February 29, 2008, TLI has continued to raise an unsubstantiated objection to the testimony provided by Sylvania's proffered 30(b)(6) witnesses. A true and accurate copy of TLI's February 29, 2008 letter is attached hereto as **Exhibit F** and a true and accurate copy of TLI's March 12, 2008 letter is attached hereto as **Exhibit G**.

17. In response, Sylvania has requested on numerous occasions that TLI provide specific examples, from the deposition transcripts, of questions that the proffered witnesses were unable to answer in accordance with the obligations of a 30(b)(6) witness. A true and accurate copy of Sylvania's March 12, 2008 letter is attached hereto as **Exhibit H**. *See also,* **Exhibits J, K and M**, attached hereto.

18. Rather than provide examples from the deposition transcripts, TLI simply has suggested that because the witnesses testified that they had done little, if anything (outside of discussions with counsel), to prepare for their depositions, the testimony they provided must have been insufficient. A true and accurate copy of TLI's April 22, 2008 letter is attached hereto as **Exhibit I**.

19. Also in its April 22, 2008 letter, TLI proposed that Sylvania admit to the authenticity and admissibility of all exhibits entered during the 30(b)(6) depositions. See **Exhibit I**, attached hereto.

20. In response, Sylvania offered to stipulate to the exhibits' authenticity as business records, but indicated it could not stipulate to the exhibits' admissibility at this stage of the litigation. A true and accurate copy of Sylvania's April 28, 2008 letter is attached hereto as **Exhibit J** and a true and accurate copy of Sylvania's May 15, 2008 letter is attached hereto as **Exhibit K**.

21. This alternate proposal was not accepted by TLI and the parties were unable to come to an agreement. A true and accurate copy of TLI's May 22, 2008 letter is attached hereto

as **Exhibit L**. A true and accurate copy of Sylvania's May 28, 2008 letter in response is attached hereto as **Exhibit M**.

22. During the June 2, 2008 discovery conference with the Court, TLI again suggested that Sylvania's witnesses were inadequate based solely on their testimony regarding the steps they took to prepare for their depositions. During the conference, the Court requested that the parties further meet and confer on this issue and instructed TLI to identify, by citation to the deposition transcripts, particular questions that were asked during the 30(b)(6) depositions, but not answered in accordance with the obligations of a 30(b)(6) witness.

23. At the Court's direction, on June 13, 2008, TLI provided to Sylvania, by letter, limited citations to the deposition transcripts for four of the six proffered witnesses, again consisting primarily of the deponents answers to TLI's questioning regarding what they had done (outside of discussions with counsel) to prepare for their deposition. A true and accurate copy of TLI's June 13, 2008 letter is attached hereto as **Exhibit N**.

24. In TLI's letter of June 13, 2008, TLI did not take issue with the adequacy of the testimonies of the designated 30(b)(6) witnesses on Topics 4-7. In addition, no reference was made to the deposition transcript of Susan Callahan (designated 30(b)(6) witness on Topic 1). Rather, TLI focused only on the adequacy of Sylvania's 30(b)(6) testimony for Topic 2 (technical specifications) and Topic 3 (marketing of the accused products).

25. The parties met and conferred by telephone on June 16, 2008 regarding the issues raised in TLI's June 13, 2008 letter. During the telephone conference, TLI indicated that it

refrained from asking certain questions of Sylvania's 30(b)(6) witnesses, during their depositions, because it assumed that the witnesses were not adequately prepared to respond.

26. Sylvania responded to TLI's June 13, 2008 letter on June 18, 2008. A true and accurate copy of Sylvania's June 18, 2008 letter is attached hereto as **Exhibit O**. As outlined in Sylvania's June 18, 2008 response to TLI, the citations provided by TLI do not evidence a failure to satisfy 30(b)(6) obligations.

27. On July 17, 2008, TLI again raised the issue of its 30(b)(6) Notice with the Court. A true and accurate copy of TLI's July 17, 2008 letter is attached hereto as **Exhibit P**.

28. Sylvania responded to TLI's July 17, 2008 letter in its July 18, 2008 letter to the Court. A copy of Sylvania's July 18, 2008 letter is attached hereto as **Exhibit Q**.

29. During the hearing on Sylvania's Motion for Protective Order, on July 22, 2008, the Court set a schedule for TLI to file its Motion to Compel. Also, during the July 22, 2008 hearing, TLI admitted that Sylvania's 30(b)(6) testimony on Topics 4-7 was adequate.

30. In its Motion to Compel, TLI included copies of the depositions transcripts of Ms. Callahan, Mr. Landcastle, Mr. Tucker and Ms. Peach. TLI did not included the exhibits to those transcripts. True and accurate copies of the exhibits for each transcript are provided herewith. A true and accurate copy of the exhibits from the deposition of Ms. Callahan are attached hereto as **Exhibit R**. A true and accurate copy of the exhibits from the deposition of Mr. Landcastle are attached hereto as **Exhibit S**. A true and accurate copy of the exhibits from the deposition of Mr. Tucker are attached hereto as **Exhibit T**. A true and accurate copy of the exhibits from the deposition of Ms. Peach are attached hereto as **Exhibit U**.


8

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Washington, D.C. on August 20, 2008.

                                                  s/Donald R. Banowit
                                                  Donald R. Banowit, Esq.

863056_1.doc