UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TAILORED LIGHTING, INC., Plaintiff, v. OSRAM SYLVANIA PRODUCTS, INC., Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 04-CV-6435 |

**DEFENDANT, OSRAM SYLVANIA PRODUCTS, INC.'S, SECOND AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant, OSRAM SYLVANIA PRODUCTS, INC., ("Sylvania"), by and through its attorneys, hereby answers the claims of the Plaintiff, TAILORED LIGHTING, INC., ("TLI"), presented in Plaintiff's Complaint for Patent Infringement and Jury Demand ("Complaint"), as follows:

1. Sylvania does not have sufficient information to either admit or deny the allegations contained in paragraph one, concerning the place of incorporation of TLI and the business address for TLI set forth therein, and therefore denies same and leaves Plaintiff to its proof thereof.

2. Sylvania does not have sufficient information to either admit or deny the allegations contained in paragraph two, concerning ownership of United States Patent No. 5,666,017, and therefore denies same and leaves Plaintiff to its proof thereof.

3. Sylvania admits the allegations contained in paragraph three of the Complaint.

4. Sylvania admits the allegations contained in paragraph four of the Complaint.

5. Sylvania admits the allegations contained in paragraph five of the Complaint.

6. Sylvania admits that this Court has subject matter jurisdiction over the subject matter of this action.

7. Sylvania admits that venue is proper in this Court.

8. Sylvania does not have sufficient information to either admit or deny the allegations contained in paragraph eight, and therefore denies same and leaves Plaintiff to its proof thereof.

9. Sylvania admits that United States Patent No. 5,666,017 issued September 9, 1997 ("the '017 patent"). Sylvania does not have sufficient information to either admit or deny the allegations contained in paragraph nine concerning the inventorship and ownership of the '017 patent, and therefore denies same and leaves Plaintiff to its proof thereof. Sylvania denies that the '017 patent is valid.

10. Sylvania denies the allegations contained in paragraph ten of the Complaint.

11. Sylvania denies the allegations contained in paragraph eleven of the Complaint.

12. To the extent that model designations "H7 ST" and "H7ST" listed in the complaint refer to only one product distributed under the SILVERSTAR trademark rather than two distinct products, Sylvania admits the allegations contained in paragraph twelve of the Complaint.

13. Sylvania admits the allegations contained in paragraph thirteen of the Complaint.

14. Sylvania denies the allegations contained in paragraph fourteen of the Complaint.

15. To the extent that Sylvania has previously described its SILVERSTAR Products as stated in the Complaint, Sylvania admits the allegations contained in paragraph fifteen of the Complaint.

16. To the extent that Sylvania has previously described its SILVERSTAR Products as stated in the Complaint, Sylvania admits the allegations contained in paragraph sixteen of the Complaint.

17. Sylvania denies the allegations contained in paragraph seventeen of the Complaint.

18. Sylvania admits it sells and/or distributes automobile lamps under the COOL BLUE trademark in the United States of America. To the extent that the allegation contained in paragraph eighteen of the Complaint was intended to read "this District" rather than "the District," Sylvania admits the allegations contained in paragraph eighteen of the Complaint.

19. To the extent that the allegation contained in paragraph nineteen of the Complaint was intended to read "Sylvania" rather than "Sylvania Products," Sylvania admits the allegations contained in paragraph nineteen of the Complaint.

20. Sylvania admits the allegations contained in paragraph twenty of the Complaint.

21. Sylvania denies the allegations contained in paragraph twenty-one of the Complaint.

22. To the extent that Sylvania has previously described its COOL BLUE Products as stated in the Complaint, Sylvania admits the allegations contained in paragraph twenty-two of the Complaint.

23. To the extent that Sylvania has previously described its COOL BLUE Products as stated in the Complaint, Sylvania admits the allegations contained in paragraph twenty-three of the Complaint.

24. Sylvania denies the allegations contained in paragraph twenty-four of the Complaint.

25. To the extent Sylvania was given notice of the existence of the '017 patent in relation to its SILVERSTAR Products, Sylvania admits the allegations contained in paragraph twenty-five of the Complaint.

26. Sylvania admits that its letter dated July 1, 2004 did not explicitly explain why the '017 patent is not infringed by the SILVERSTAR Products, but otherwise denies the allegations contained in paragraph twenty-six of the Complaint.

27. Sylvania denies the allegations contained in paragraph twenty-seven of the Complaint.

28. Sylvania repeats the answers set forth in paragraphs 1-27 above as if they were set forth in full herein.

29. Sylvania denies the allegations contained in paragraph twenty-nine of the Complaint.

30. Sylvania denies the allegations contained in paragraph thirty of the Complaint.

31. Sylvania denies the allegations contained in paragraph thirty-one of the Complaint.

32. Sylvania denies the allegations contained in paragraph thirty-two of the Complaint.

WHEREFORE, Sylvania prays that this Court enter judgment in its favor against Plaintiff and deny in the entirety the relief requested by TLI.

## Affirmative Defenses

### Invalidity

33. Each claim of the ‘017 patent is: invalid under 35 U.S.C. § 101 as lacking utility; is invalid under 35 U.S.C. § 102 as lacking novelty; is invalid under 35 U.S.C. § 103 as obvious; and/or is invalid for failure to comply with the requirements of 35 U.S.C. § 112.

### Non-Infringement

34. Sylvania does not now infringe, nor has it ever infringed, any one of the claims of the ‘017 patent.

### Inequitable Conduct - First Instance

35. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the United States Patent and Trademark Office (USPTO), which includes a duty to disclose all information known to that individual to be material to patentability.

36. U.S. Patent Numbers 3,757,103, 4,458,176, and 5,060,118, the publication "The Chromalux Report," and products the Chromalux Bulb, the USHIO MR-16 Reflector Lamp, and the Hi-Lux Lamp were cited during prosecution of U.S. Patent Number 5,418,419, which is the grandparent patent of the '017 patent, assigned on its face to TLI, names Kevin McGuire as an inventor, and was filed and prosecuted by patent attorney Mr. Howard Greenwald.

37. U.S. Patent Numbers 3,757,103, 4,458,176, and 5,060,118, the publication "The Chromalux Report," and products the Chromalux Bulb, the USHIO MR-16 Reflector Lamp, and the Hi-Lux Lamp are each material to the patentability of one or more of the claims of the '017 patent.

38. U.S. Patent Numbers 3,757,103, 4,458,176, and 5,060,118, the publication "The Chromalux Report," and products the Chromalux Bulb, the USHIO MR-16 Reflector Lamp, and the Hi-Lux Lamp were not cited to the USPTO during the prosecution of the ‘017 patent.

39. The failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose any one or more of U.S. Patent Numbers 3,757,103, 4,458,176, and 5,060,118, the publication "The Chromalux Report," and products the Chromalux Bulb, the USHIO MR-16 Reflector Lamp, and the Hi-Lux Lamp to the USPTO during the prosecution of the '017 patent is a breach of the applicant's, inventor's, and patent attorney's duty of candor owed to the USPTO.

40. On information and belief, the failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose any one or more of U.S. Patent Numbers 3,757,103, 4,458,176, and 5,060,118, the publication "The Chromalux Report," and products the Chromalux Bulb, the USHIO MR-16 Reflector Lamp, and the Hi-Lux Lamp to the USPTO during the prosecution of the '017 patent was done intentionally to deceive the Examiner and/or the USPTO.

41. On information and belief, intent to deceive the Examiner and the USPTO can be inferred from the conduct of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald, particularly the failure to disclose any one or more of U.S. Patent Numbers

3,757,103, 4,458,176, and 5,060,118, the publication "The Chromalux Report," and products the Chromalux Bulb, the USHIO MR-16 Reflector Lamp, and the Hi-Lux Lamp to the USPTO during the prosecution of the '017 patent.

42. The failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose any one or more of U.S. Patent Numbers 3,757,103, 4,458,176, and 5,060,118, the publication "The Chromalux Report," and products the Chromalux Bulb, the USHIO MR-16 Reflector Lamp, and the Hi-Lux Lamp to the USPTO during the prosecution of the ‘017 patent constitutes inequitable conduct and renders the ‘017 patent unenforceable.

**Inequitable Conduct - Second Instance**

43. On information and belief, statements characterizing prior art and/or arguing the patentability of the claims over the prior art made by applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald in the prosecution of U.S. Patent Number 5,418,419, which is the grandparent patent of the '017 patent, were made with intent to deceive the Examiner and the USPTO.

44. On information and belief, an intent to deceive the Examiner and the USPTO can be inferred from statements characterizing prior art and/or arguing the patentability of the claims over the prior art made by applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald in the prosecution of U.S. Patent Number 5,418,419, which is the grandparent patent of the '017 patent.

45. On information and belief, the conduct of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald in the prosecution of U.S. Patent Number 5,418,419, which is the grandparent patent of the '017 patent as set forth in paragraph number 43 and/or 44 above constitutes inequitable conduct and renders U.S. Patent Number 5,418,419 and all patents depending therefrom including, but not limited to the '017 patent, unenforceable.

**Inequitable Conduct - Third Instance**

46. On information and belief, prior to issuance of the ‘017 patent, Mr. McGuire was aware of a prior art infrared (IR) reflecting bulb made by the General Electric Company (GE),

which had a light-producing element substantially centrally disposed within a lamp envelope and an infrared reflective coating disposed on at least one surface of the lamp envelope.

47. On information and belief, Mr. McGuire learned of the prior art IR reflecting bulb made by GE while working on his ColorView Lighting System in the early 1990's. In particular, McGuire became aware of a GE bulb that had the particular ability to conserve energy, and considered putting this bulb in his ColorView Lighting System.

48. A GE lamp, specifically, GE Watt-Miser Quartzline Lamp Q500/350 WM, is referred to in Mr. McGuire's ColorView Lighting System patents (see U.S. Pat. Nos. 5,079,683 (issued 1/7/92); 5,282,115 (issued 1/25/94); and 5,329,435 (issued 7/12/94)). The GE lamp is described in these patents by Mr. McGuire as a lamp "which contains an envelope around the filament which has an infrared reflective coating and reflects the infrared radiation back onto the filament, thereby reducing the energy required."

49. U.S. Patent Nos. 5,079,683; 5,282,115 and 5,329,435 each issued more than one year before the filing of the '017 patent, and are all assigned on their face to TLI, name Kevin McGuire as an inventor, and were filed and prosecuted by patent attorney Mr. Howard Greenwald.

50. The prior art IR reflecting bulb made by GE is material to the patentability of one or more of the claims of the '017 patent.

51. On information and belief, all or substantially all of the physical elements of claim 1 of the '017 patent are present in the prior art IR reflecting bulb made by GE.

52. The failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose the prior art IR reflecting bulb made by GE to the USPTO during the prosecution of the '017 patent is a breach of the applicant's, inventor's, and patent attorney's duty of candor owed to the USPTO.

53. On information and belief, the failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose the prior art IR reflecting bulb made by GE to

the USPTO during the prosecution of the '017 patent was done intentionally to deceive the Examiner and/or the USPTO.

54. On information and belief, intent to deceive the Examiner and the USPTO can be inferred from the conduct of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald, particularly the failure to disclose the prior art IR reflecting bulb made by GE to the USPTO during the prosecution of the '017 patent. In view of the high degree of materiality of the prior art IR reflecting bulb made by GE, such an inference is permissible.

55. The failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose the prior art IR reflecting bulb made by GE to the USPTO during the prosecution of the ‘017 patent constitutes inequitable conduct and renders the ‘017 patent unenforceable.

**Inequitable Conduct - Fourth Instance**

56. On information and belief, prior to issuance of the ‘017 patent, Mr. McGuire was aware that a product falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) had been in public use more than one year prior to the filing of the application that issued as the '017 patent.

57. On information and belief, a lamp falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) was in public use at McCurdy's, a local Rochester department store.

58. On information and belief, the McCurdy's Rochester department stores were closed in September of 1994, more than one year prior to the filing of the application that issued as the '017 patent.

59. The public use of a product falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) more than one year prior to the filing of the application that issued as the '017 patent is material to the patentability of one or more of the claims of the '017 patent.

60. On information and belief, the technology utilized in the publicly used product falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) is closely related to the technology claimed in the '017 patent. The patent application that issued as the '017 patent claims priority to the patent application that issued as U.S. Pat. No. 5,418,419.

61. The public use of a product falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) more than one year prior to the filing of the application that issued as the '017 patent was not cited to the USPTO during the prosecution of the ‘017 patent.

62. The failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose to the USPTO during the prosecution of the '017 patent that a product falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) was in public use more than one year prior to the filing of the application that issued as the '017 patent is a breach of the applicant's, inventor's, and patent attorney's duty of candor owed to the USPTO.

63. On information and belief, the failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose to the USPTO during the prosecution of the '017 patent that a product falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) was in public use more than one year prior to the filing of the application that issued as the '017 patent was done intentionally to deceive the Examiner and/or the USPTO.

64. On information and belief, intent to deceive the Examiner and the USPTO can be inferred from the conduct of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald, particularly the failure to disclose to the USPTO during the prosecution of the '017 patent that a product falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) was in public use more than one year prior to the filing of the application that issued as the '017 patent. In view of the high degree of materiality of the public use a product falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419), such an inference is permissible.

65. The failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose to the USPTO during the prosecution of the '017 patent that a product

falling within the scope of Mr. McGuire's grandparent patent (U.S. Pat. No. 5,418,419) was in public use more than one year prior to the filing of the application that issued as the '017 patent constitutes inequitable conduct and renders the ‘017 patent unenforceable.

**Inequitable Conduct - Fifth Instance**

66. Prior to issuance of the ‘017 patent, Mr. McGuire was aware that FIGs. 23 and 24 of the '017 patent are based on a conceptual lamp and are not based on an actual lamp.

67. On information and belief, the spectral power distribution shown in Figure 24 of the '017 Patent is based on a conceptual lamp as illustrated in Figure 19.

68. On information and belief, the spectral power distribution shown in Figure 24 of the '017 Patent is based on published and well known daylight spectrum data.

69. On information and belief, the spectral power distribution shown in Figure 24 of the '017 Patent is not based on a measurement of the spectral power distribution produced by an actual lamp.

70. On information and belief, the transmission of the lamp coating as shown in Figure 23 of the '017 patent was derived from the formula of Claim 1 of the '017 Patent, using the filament spectral output data as shown in Figure 22.

71. On information and belief, the transmission of the lamp coating as shown in Figure 23 of the '017 patent is not based on a measurement of the transmission of an actual lamp coating.

72. On information and belief, the lamp illustrated in FIGs. 19, 20, and 21 of the '017 patent had not been constructed or tested before the '017 patent was filed.

73. The fact that FIGs. 23 and 24 of the '017 patent are based on a conceptual lamp and are not based on an actual lamp is material to the patentability of one or more of the claims of the '017 patent.

74. The fact that FIGs. 23 and 24 of the '017 patent are based on a conceptual lamp and are not based on an actual lamp was not disclosed to the USPTO during the prosecution of the ‘017 patent.

75. The failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose to the USPTO during the prosecution of the '017 patent that FIGs. 23 and 24 of the '017 patent are based on a conceptual lamp and are not based on an actual lamp is a breach of the applicant's, inventor's, and patent attorney's duty of candor owed to the USPTO.

76. On information and belief, the failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose to the USPTO during the prosecution of the '017 patent that FIGs. 23 and 24 of the '017 patent are based on a conceptual lamp and are not based on an actual lamp was done intentionally to deceive the Examiner and/or the USPTO.

77. On information and belief, intent to deceive the Examiner and the USPTO can be inferred from the conduct of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald, particularly the failure to disclose to the USPTO during the prosecution of the '017 patent that FIGs. 23 and 24 of the '017 patent are based on a conceptual lamp and are not based on an actual lamp.

78. The failure of applicant TLI, inventor Mr. McGuire, and/or patent attorney Mr. Greenwald to disclose to the USPTO during the prosecution of the '017 patent that FIGs. 23 and 24 of the '017 patent are based on a conceptual lamp and are not based on an actual lamp constitutes inequitable conduct and renders the ‘017 patent unenforceable.

**Inequitable Conduct - Sixth Instance**

79. On information and belief, on or about March 1, 2002, TLI granted a non-exclusive license of Mr. McGuire's grandparent patent (U.S. Patent No. 5,418,419) and all continuations thereof to a company that was a large entity. On information and belief, this license was in effect on March 4, 2005 and December 15, 2006.

80. The grant of the license by TLI to a large entity disqualified TLI from claiming small entity status and paying reduced maintenance fees on U.S. Patent No. 5,418,419.

81. The grant of the license by TLI to a large entity disqualified TLI from claiming small entity status and paying reduced maintenance fees on the '017 patent.

82. On information and belief, on March 4, 2005, TLI claimed small entity status during payment of the second maintenance fee due on the '017 patent even though it was not entitled to claim small entity status.

83. On information and belief, on December 15, 2006, TLI claimed small entity status during payment of the third maintenance fee due on the U.S. Patent No. 5,418,419 even though it was not entitled to claim small entity status.

84. On information and belief, the false claiming of small entity status was material to the patentability of one or more of the claims of the '017 patent.

85. On information and belief, the false claiming of small entity status was done intentionally to deceive the USPTO.

86. The false claiming of small entity status constitutes inequitable conduct and renders the ‘017 patent unenforceable.

**Inequitable Conduct - Seventh Instance**

87. On information and belief, on or about August 15, 2007, TLI submitted a petition to the USPTO under 37 C.F.R. §1.28 (c) to change its entity status for the ‘017 patent to large entity and to pay a maintenance fee deficiency for the maintenance fee paid on March 4, 2005.

88. On information and belief, the August 15, 2007 petition submitted to the USPTO by TLI regarding the '017 patent included the false statement that "TLI was *recently* informed that the granting of a license under the patent to a company with more than 500 employees will change the status for the patent to one of a Large Entity." (emphasis added)

89. On information and belief, on or about January 11, 2007, TLI was informed by Hiscock & Barclay that the granting of a license under the patent to a company with more than 500 employees will change the status for the patent to one of a Large Entity.

90. On information and belief, the August 15, 2007 petition submitted to the USPTO by TLI regarding the '017 patent also included the false statement that "the undersigned [Mr. Firmstone] confirms and declares that TLI was not aware of the effect on maintenance fees of the

granting of even the limited license [and] that the fee while mistakenly paid as a small entity was paid in good faith."

91. On information and belief, Mr. Firmstone had not made an independent confirmation that TLI was not aware of the effect on maintenance fees of the granting of a license under the patent or that the maintenance fee paid on March 4, 2005, while mistakenly paid as a small entity, was paid in good faith, and Mr. Firmstone did not know these facts to be true based on his own personal knowledge.

92. On information and belief, a similar petition, with similar false statements, was also submitted to the USPTO by TLI on August 15, 2007 regarding U.S. Patent No. 5,418,419.

93. On information and belief, the inclusion of false statements in the August 15, 2007 petition submitted to the USPTO by TLI regarding the '017 patent was material to the USPTO's acceptance of TLI's August 15, 2007 petition, and thus survival of the '017 patent.

94. On information and belief, the inclusion of false statements in the August 15, 2007 petition submitted to the USPTO by TLI regarding the '017 patent was done intentionally to deceive the USPTO.

95. The inclusion of false statements in the August 15, 2007 petition submitted to the USPTO by TLI regarding the '017 patent constitutes inequitable conduct and renders the ‘017 patent unenforceable.

**Inequitable Conduct - Eighth Instance**

96. In addition to the individual affect of each of the instances of inequitable conduct cited in paragraphs 35-95, above, the cumulative affect of these actions is a breach of the duty of candor owed to the USPTO and constitutes inequitable conduct, rendering the ‘017 patent unenforceable.

**Counterclaim**

**Declaratory Judgment**

97. On information and belief, Plaintiff and counterclaim Defendant, Tailored Lighting, Inc. ("TLI"), is a corporation organized and existing under the laws of the State of New York with its principal office and place of business at 1350 Buffalo Road, Rochester, NY 14624.

98. Defendant and counterclaim Plaintiff, Osram Sylvania Products Inc. ("Sylvania") is a corporation organized and existing under the laws of the state of Delaware, with its principal office at 100 Endicott St., Danvers, Massachusetts 01923.

99. This is an action for declaratory judgment of invalidity, unenforceability and non-infringement of U.S. Patent No. 5,666,017 ("the '017 patent") under the patent laws of the United States, Title 35 United States Code.

100. Subject matter jurisdiction over these counterclaims is conferred upon this Court pursuant to 28 U.S.C. § 1338(a). The relief of declaratory judgment is proper under 28 U.S.C. § 2201.

101. A true and actual controversy exists regarding the validity, enforceability, and non-infringement of the claims of the '017 patent asserted by TLI against Sylvania.

102. On September 8, 2004, Plaintiff filed a Complaint (Civil Action Number 04 CV 6435) against Sylvania alleging, *inter alia*, that certain products made, used and/or sold by Sylvania infringe the '017 patent.

103. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**COUNT I - Invalidity of the '017 patent**

104. Sylvania realleges the allegations set forth above in counterclaim paragraphs 97-103.

105. Each claim of the '017 patent is invalid under 35 U.S.C. § 101 as lacking utility; is invalid under 35 U.S.C. § 102 as lacking novelty; is invalid under 35 U.S.C. § 103 as obvious; and/or is invalid for failure to comply with the requirements of 35 U.S.C. § 112.

**COUNT II - Non-Infringement of the '017 patent**

106. Sylvania realleges the allegations set forth above in counterclaim paragraphs 97-103 and 105.

107. Sylvania does not now infringe, nor has it ever infringed, any one of the claims of the '017 patent.

**COUNT III - Inequitable Conduct in the Prosecution of the '017 patent**

108. Sylvania realleges the allegations set forth above in counterclaim paragraphs 97-103, 105 and 107.

109. Sylvania realleges the allegations set forth above in the affirmative defense paragraphs 35-96.

110. On information and belief, the '017 patent is unenforceable as a result of inequitable conduct before the U.S. Patent and Trademark Office during prosecution of the '017 patent.

111. On information and belief, the '017 patent is unenforceable as a result of inequitable conduct before the U.S. Patent and Trademark Office during prosecution of U.S. Patent No. 5,418,419.

**Prayer for Relief**

WHEREFORE, counterclaim Plaintiff Sylvania requests that this Court:

A. Enter judgment declaring that Sylvania does not infringe, nor has it ever infringed, any one of the claims of U.S. Patent No. 5,666,017.

B. Enter judgment declaring that each claim of U.S. Patent No. 5,666,017 is invalid.

C. Enter judgment declaring that U.S. Patent No. 5,666,017 is unenforceable.

D. Enter judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 awarding Sylvania its attorney fees, costs and expenses incurred in defending this action.

E. Award such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

OSRAM SYLVANIA PRODUCTS, INC.

By its attorneys,

/s/ Donald R. Banowit
David K.S. Cornwell (*Pro Hac Vice)*
Donald R. Banowit (*Pro Hac Vice)*
Anbar F. Khal (*Pro Hac Vice)*
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540

and

Donald W. O'Brien, Jr. (*Local Counsel*)
WOODS OVIATT GILMAN
700 Crossroads Building
2 State Street
Rochester, NY 14614
Telephone: (585) 987-2810
Facsimile: (585) 454-3968

Dated: February 23, 2009
943918_1.doc