```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAILORED LIGHTING, INC.,

                        Plaintiff,             04-CV-6435T

              v.                               DECISION
                                               and ORDER
OSRAM SYLVANIA PRODUCTS, INC.,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Tailored Lighting, Inc. ("TLI") brings this patent infringement action against defendant Osram Sylvania Products, Inc., ("Sylvania") claiming that Sylvania has infringed United States Patent No. 5,666,017, assigned to TLI, which discloses a "Daylight Lamp," which purports to produce a special spectral light distribution which is substantially identical in uniformity to the spectral light distribution of a desired daylight throughout the entire visible light spectrum.

By Decision and Order dated May 14, 2010, I held that the '017 Patent is invalid for lack of enablement, and that even if the patent were valid, TLI had failed to establish infringement of the patent by Sylvania. TLI now moves for reconsideration of my May 14, 2010 Decision and Order on grounds that the court overlooked facts found in the record, and by doing so, improperly granted summary judgment in favor of the defendant. Specifically, TLI contends that I failed to consider the opinion of plaintiff's

expert Dr. Mark Fairchild, who explained why the '017 Patent is enabled, and overlooked data provided by TLI which establishes that Sylvania's allegedly infringing products practice the formula disclosed in the '017 Patent for creating a bulb coating that produces the daylight characteristics disclosed in the '017 Patent.

Also before the Court are defendant's motions for an award of attorneys' fees, and to alter or amend the judgment. With respect to defendant's motion for attorneys' fees, defendant contends that it is entitled to an award of its fees in defending this action because it is an exceptional case warranting such an award. With respect to the judgment issued by this court, Sylvania asks the court to amend the judgment to reflect that all of the asserted claims of the '017 patent (Claims 1, 2, 3, 4, 9 and 19) are invalid for lack of enablement.

For the reasons set forth below, I deny plaintiff's motion for reconsideration, deny defendant's motion for an award of fees, and grant defendant's motion to alter the judgment.

DISCUSSION

I.   Plaintiff's Motion for Reconsideration

A.   Standard for Reconsideration

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) may be properly brought if it appears that the court overlooked controlling decisions or factual matters which might reasonably be expected to alter the court's decision. "The

standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration, however, may not be used to relitigate matters already considered by the court, and may not be used to introduce new evidence that could have been brought to the court's attention during the original proceedings. Films by Jove, Inc. v. Berov, 250 F.Supp.2d 156, 175 (E.D.N.Y., 2003).

    B.    Infringement

In my May 14, 2010 Decision and Order, I held that TLI had not proven infringement of its patent because it had failed to establish that Sylvania's allegedly infringing bulbs read on the formula disclosed in Claim 1 of the '017 Patent.[1] Specifically, I

---

[1] Claim 1 of the '017 Patent discloses in part a bulb "containing at least one coating . . . having a transmittance level in substantial accordance with the formula $T_{(1)} = [D_{(1)} - [S^*_{(1)} \times (1-N)]] / [S_{(1)} \times N]$ wherein $T_{(1)}$ is the transmission of said envelope coating for said wavelength l from about 380 to about 780 nanometers, $D_{(1)}$ is the radiance of said wavelength for the desired daylight, $S_{(1)}$ is the radiance of said element at said wavelength at normal incidence to said lamp envelope, $S^*_{(1)}$ is the radiance of said element at said wavelength at non-normal incidence to said lamp envelope, and N is the percentage of visible spectrum radiant energy directed normally towards said exterior surface of said lamp envelope. The formula was discussed at length in may May 14, 2010 Decision and Order, and familiarity with the formula and all other relevant facts is presumed.

held that because TLI was unable to produce the actual values for the $S^*_{(1)}$ or N variables of the accused Sylvania bulbs, TLI was unable to establish that the Sylvania Bulbs practiced the formula of Claim 1 of the '017 Patent.

Plaintiff seeks reconsideration of this court's holding arguing that it did in fact provide actual values for the variables as measured through its analysis of the accused Sylvania Bulbs, and that this court overlooked TLI's evidence. Plaintiff further alleges that the evidence provided establishes that the Sylvania bulbs infringe the '017 Patent.

Plaintiff contends that the values for the N and $S^*$ variables were provided in TLI's Response to Interrogatory Number 3. See Plaintiff's Memorandum of Law in Support of Motion for Reconsideration at p. 3. In my May 14, 2010 Decision and Order, however, I specifically addressed this evidence, and explained why the $S^*$ and N values disclosed in those responses fail to constitute actual evidence of infringement. See May 14, 2010 Decision and Order at pp. 17-18. As stated therein, I found that the $S^*$ and N values were either assumed or calculated (based in part on an assumption), and therefore could not establish infringement. I found that TLI could not prove infringement by substituting calculated values based in part on assumptions for actual, observed and measured evidence establishing infringement. TLI's attempt to reargue the merits of this evidence, which was already considered,

is inappropriate on a motion for reconsideration. <u>Films by Jove</u>, 250 F.Supp.2d at 175 (E.D.N.Y., 2003). Similarly, TLI's contention that this court misapplied the plain language of the '017 Patent is not proper for reconsideration.

    C.   <u>Validity</u>

Plaintiff contends that this court overlooked or misapprehended the evidence submitted by Dr. Mark Fairchild, Ph.D., a scientist, and an expert in the field of color science, who opined in his deposition testimony how a person skilled in the art of coated-bulb making could determine the values for the equation set forth in the '017 patent, and upon doing so, could make a bulb in accordance with the teachings of the '017 Patent without engaging in undue trial and error. Plaintiff alleges that this evidence establishes that the '017 Patent is enabled, or, at the very least, creates a question of fact as to whether or not the '017 Patent is enabled.

As I stated in my May 14, 2010 Decision and Order, the determination of whether or not a patent is enabled is a question of law based on factual determinations. May 14, 2010 Decision and Order at p. 21 (citing <u>Boston Scientific Corp. v. Johnson & Johnson Inc.</u>, 679 F.Supp.2d 539, 552 (D.Del., 2010). In finding that, as a matter of law, the '017 Patent is invalid, I relied on the factual finding that the formula set forth in the patent for producing a coating that would achieve the desired results could

not be followed (absent undue trial and error) because two of the variables set forth in the equation could not be determined without first creating a coating, analyzing the coating, and then, through trial and error, creating additional coatings in an attempt to approximate the formula.  Just as enablement is a question of law, the prefatory determination of whether or not "undue experimentation would have been required to make and use an invention" is also a matter of law for the court to decide.  Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1369 (Fed. Cir., 1999).

Dr. Fairchild's testimony does not contradict this court's legal conclusion based on the factual findings made.  Indeed, his testimony confirms that a person of ordinary skill in the field of coated-bulb making attempting to make a bulb by following the teachings of the '017 Patent would be required to make a an initial coating, analyze the coating, and then prepare at least one additional coating based on observed measurements, calculated values, and assumptions.  This testimony confirms the court's finding that the '017 patent, at best, describes an iterative process.  And while an iterative process for making an invention described in a patent will not render the patent un-enabled per se, the instant patent lacks enablement because even in the subsequent attempts to recreate the disclosed bulb, a person of ordinary skill would not be able to determine whether or not the coating he or she

created conforms to the formula disclosed in the patent until *after* the coating is made, the resulting bulb is tested, and calculations based on assumptions, observations, and mathematical formulae are performed.  In other words, a bulb maker can not follow any "recipe" disclosed in the '017 Patent for making a bulb, but instead must apply his or her own knowledge to make a coating, and then determine whether or not the finished bulb contains all of the "ingredients" disclosed in the patent.   It is the lack of ability to apply the formula prospectively to make a coating that renders the '017 patent invalid for lack of enablement.  That one can create a bulb and then test it to see if it conforms to the specified criteria does not render the bulb enabled.

Plaintiff, however, continues to characterize the formula disclosed in Claim 1 of the '017 patent as superfluous, describing it as a "tautology" because any "bulb having a spectral distribution in conformance with that of the desired daylight spectra **necessarily** has a coating with a transmissivity level conforming to the formula of claim 1."  Plaintiff's Reply Memorandum of Law in Support of Motion for reconsideration at p. 4 (emphasis in the orginal).   As I stated in my previous decision, however, a patent may be issued only for a "distinctive means" of accomplishing a result, not for the result itself. May 14, 2010 Decision and Order at p. 14 (citing <u>Wheeling Stamping Co. V. Standard Cap & Molding Co.</u>, 155 F.2d 6, 8 (4th Cir., 1946).  In the

instant case, the distinctive means of accomplishing the result disclosed in the '017 patent (a bulb with "daylight" characteristics throughout the entire visible spectrum) is the creation of a coating conforming to the formula disclosed in Claim 1. For the '017 Patent to be valid, the methodology for creating the coating must be sufficiently explained within the patent document itself so that a person skilled in the relevant art can, without undue experimentation, achieve the same results as described in the patent. Accepting plaintiff's characterization of the formula as a "tautology", that is, "a needless or meaningless repetition in close succession of an idea, statement, or word" (Webster's Third New International Dictionary, unabridged, p. 2344 (2002)), the '017 Patent is reduced to a description of a bulb coating that produces a desired result, with no enabling explanation of the properties of the coating, and thus no sufficient guidance for a person skilled in the art of bulb making attempting to achieve the result disclosed in the '017 Patent.[2]

---

[2] Plaintiff notes that the court has declined to identify, the skills and abilities, and education level, of a person skilled in the art of bulb making. Indeed this court has not identified the hypothetical bulb maker because, as is now conceded by the plaintiff, no bulb maker, regardless of his or her skills, could replicate the coating disclosed in the '017 without trial and error and experimentation. The court finds that the experimentation required of any bulb maker is undue, and that the inability of a bulb maker of any skill level to follow the formula of Claim 1 to achieve the result disclosed in the Patent renders the patent invalid. Accordingly, identification of the specific skills and abilities and education of a person skilled in the art of bulb making is irrelevant.

Indeed, the formula is the only guidance given with respect to the creation of the coating. Rather than describing the coating as a mixture of different elements or compounds applied in a certain manner, the patentee chose to describe the coating in terms of its light transmissivity, and specifically as having a transmission value in a accordance with the formula disclosed. Because I find that a person of skill in bulb making can not follow that formula prospectively, and instead must experiment in an attempt to find a coating that corresponds to the disclosed formula, I continue to find that the '017 is invalid for lack of enablement.

## II.  Motion for Fees

Defendant seeks attorneys fees and costs as a prevailing party in this litigation, alleging that this is an "exceptional" case, and as such, an award of fees and costs is warranted. In support of this claim, Sylvania contends that TLI acted in bad faith in bringing and prosecuting this action, because there was no credible evidence to suggest that Sylvania had infringed the '017 Patent, and because TLI refused to perform testing that would have revealed that the accused bulbs do not in fact infringe the patent.

35 U.S.C. § 285 provides that "in exceptional cases" the Court "may award reasonable attorney fees to the prevailing party." Whether a case is "exceptional" or not, for purposes of Section 285, must be established by clear and convincing evidence, and is

9

a matter of discretion to be determined by the trial judge. Perricone v. Medicis Pharmaceutical Corp., 432 F.3d 1368, 1380 (Fed. Cir., 2005). Matters to be considered by the court in determining whether or not the case is exceptional may include "the closeness of the case, the tactics of counsel, the flagrant or good faith character of the parties' conduct, and any other factors contributing to imposition of punitive sanctions or to fair allocation of the burdens of litigation." Id., at 1380-81 (quoting Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Intern., Inc., 389 F.3d 1370, 1379 (Fed. Cir., 2004). See also, Q-Panel Co. V. Newfield, 482 F.2d 210, 211 (holding that an award of fees is the exception to the rule, and should be considered only when the losing party has engaged in misconduct that constitutes fraud, or where the losing party has been "unfair and reckless as to make it unconscionable for the prevailing party to sustain the expense of counsel.")

I find that defendant has failed to establish that TLI has engaged in conduct so egregious that it would warrant a finding that this is an exceptional case. While the record reveals numerous disputes between the parties during the course of this litigation, nothing in the record demonstrates that TLI behaved in a manner that would warrant the imposition of a fee award against it. Accordingly, I deny defendant's motion for an award of attorneys' fees.

III. Motion to Amend or Alter the Judgment

Defendant moves the court to amend the judgment to reflect that all of the asserted claims of the '017 Patent (Claims 1, 2, 3, 4, 9 and 19) are invalid. In my May 14, 2010 Decision and Order, I held that Claim 1 of the '017, an independent claim, was invalid for lack of enablement. Defendant contends that because Claims 2, 3, 4, 9 and 19 of the '017 Patent are all dependent claims of Claim 1, these claims should be declared invalid by the court.

35 U.S.C. § 282 provides in relevant part that: "[e]ach claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." Accordingly, this Court's finding that Claim 1 of the '017 is invalid does not, without further analysis or explanation, render the asserted dependent claims invalid. "This is so because although a dependent claim includes all of the limitations of the independent claim from which it depends, the dependent claim adds limitations and might not be subject to the same asserted ground of invalidity." Boston Scientific Corp. V. Micrus Corp., 556 F.Supp.2d 1045, 1061 (N.D. Cal., 2008).

In the instant case, however, the additional limitations set forth in each of the asserted dependent claims do not save the claims from a finding of invalidity. Each of the dependent claims

11

requires as a prerequisite the creation of a coating as set forth in Claim 1, and any additional limitation or limitations found in each of the dependent claims does not change or dispense with this requirement. Because I have found that Claim 1 is invalid for lack of enablement, I find that dependent Claims 2, 3, 4, 9 and 19 are invalid for lack of enablement as well. See e.g. National Recovery Technologies, Inc., v. Magnetic Separation Systems, Inc., 166 F.3d 1190, (Fed. Cir., 1999)(finding dependent claims invalid where the dependent claims "stand or fall" with an independent claim found to be invalid). Accordingly, I grant defendant's motion to amend, and direct the Clerk of the Court to issue an Amended Judgment declaring Claims 1, 2, 3, 4, 9 and 19 of the '017 Patent to be invalid.

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion for reconsideration is denied, defendant's motion to amend the judgment is granted, and the defendant's motion for an award of attorneys fees is denied.

ALL OF THE ABOVE IS SO ORDERED.

  s/Michael A. Telesca  
MICHAEL A. TELESCA  
United States District Judge

Dated:   Rochester, New York  
         May 16, 2011